In re Charles Leonard KELLY, t/a
Kelly's Seafood, Debtor.

**Bankruptcy No. 80–01445.**

United States Bankruptcy Court,
E. D. Virginia.

Feb. 2, 1981.

Alexander P. Smith, Norfolk, Va., for debtor.

David R. Levin, Chapter 13 trustee.

ORDER DENYING A REHEARING

HAL J. BONNEY, Jr., Bankruptcy Judge.

At the adjourned confirmation hearing conducted January 21, 1981, the Court denied confirmation of the debtor's Chapter 13 plan and entered such an order on February 2nd. This order sets forth the Court's reasons for denying the confirmation.

On February 2nd the debtor filed a motion to rehear the issue of confirmation and a hearing on said motion was conducted on February 11th. At this hearing the testimony and argument were solely that the debtor could now provide the financial information the Court desires.

Absolutely no reason was advanced as to why the Court should rehear the issue of the debtor's bad faith.

The Court is of the opinion the debtor did not come before the Court with clean hands or a clean breast. He disclosed $207,000 in income when it was in reality $734,000. He has been evasive in his responses to the Court's inquiries.

Any retrial would arise pursuant to Rule 59 of the Federal Rules of Civil Procedure. Three grounds for a retrial may generally exist: manifest error of law, or fact, and newly discovered evidence. Moore's Manual of Federal Practice and Procedure, 1980, section 24.01[2].

None of these here exists. Let not a present willingness be stretched out of joint. The statement of the debtor that he will now provide whatever information the Court requires does not wash away his filing in bad faith. *One does not cure bad faith.*

A rehearing is denied.

IT IS SO ORDERED.

It is interesting to note, and indicative of the debtor's evasiveness, that the information tendered with the motion to rehear covers but two months when the Court had said it wanted the financial picture for all of 1980.